UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL AHDOM,<br><br>          Plaintiff,<br><br>     vs.<br><br>C. ETCHEBEHERE, et al.,<br><br>          Defendants. | 1:13-cv-01623-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATION, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED, WITHOUT PREJUDICE<br>(Doc. 3.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY DAYS |

**I.     BACKGROUND**

Bilal Ahdom ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on October 9, 2013.  (Doc. 1.)  On October 9, 2013, Plaintiff filed a "Motion for Emergency Temporary Restraining Order (TRO) and Order to Show Cause," which the court construes as a motion for preliminary injunctive relief.  (Doc. 3.)

**II.    PRELIMINARY INJUNCTIVE RELIEF**

Plaintiff seeks a court order directing prison officials to provide him with him a diet required by his religion.  The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined.

University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

The Complaint commencing this action was filed only two days ago, and none of the defendants have been served. At this stage of the proceedings, the Court does not have before it an actual case or controversy, nor does the court have jurisdiction over any of the defendants in this action. Zepeda, 753 F.2d at 727. Therefore, Plaintiff's motion should be denied, without prejudice to renewing the motion at a later stage of the proceedings.

**III.   CONCLUSION AND RECOMMENDATION**

The court has found that the court lacks jurisdiction to grant Plaintiff's motion for preliminary injunctive relief at this stage of the proceedings. Therefore, IT IS HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunctive relief, filed on October 9,

2013, be DENIED, without prejudice to renewal of the motion at a later stage of the proceedings.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty days** after being served with these findings and recommendation, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 11, 2013**                        **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE