UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| BILAL AHDOM,<br><br>      Plaintiff,<br><br>vs.<br><br>C. ETCHEBEHERE, *et al.*,<br><br>      Defendants. | Case No. 1:13-cv-01623-RRB<br><br>**DISMISSAL ORDER** |
|---|---|

Plaintiff Bilal Ahdom, a state prisoner appearing *pro se* and *in forma pauperis*, filed a verified civil rights Complaint under 42 U.S.C. § 1983.[1] Ahdom's complaint arises out of his incarceration at the California Substance Abuse Treatment Facility, Corcoran, California ("CSATF").

**I.  SCREENING REQUIREMENT**

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that

---

[1] In addition to Associate Warden C. Etchebehere, Ahdom names as Defendants: F. Cote, Community Partnership Manager; the California Department of Corrections and Rehabilitation; and Does 1 through 20.

[2] 28 U.S.C. § 1915A(a).

"seeks monetary relief against a defendant who is immune from such relief."[3] Likewise, a prisoner must exhaust all administrative remedies as may be available,[4] irrespective of whether those administrative remedies provide for monetary relief.[5]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7] Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[8]

---

[3] 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[4] 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[5] *See Booth*, 532 U.S. at 734.

[6] Fed. R. Civ. P. 8(a)(2).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[8] *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[9] "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[10] Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[11] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[12]

## II. GRAVAMEN OF COMPLAINT

Ahdom alleges three causes of action arising out of two separate incidents.

With respect to his first two causes of action Ahdom alleges that unidentified CDCR officials at CSATF, Does 1 through 20, interfered with his right to receive mail sent to him by the U.S. Department of Veteran's Affairs ("VA"). According to Ahdom, he had applied to the VA for disability benefits. Correspondence dated July 26, 2011, sent by the VA addressed to Ahdom scheduling an examination at the VA's Central California Healthcare System was returned to the VA without notification to Ahdom in violation of CDCR regulations. According to Ahdom he did not receive notice that his mail had been returned until May 2012. Ahdom contends that, as a result of this failure, he was unable to attend the required VA examination, which resulted in the denial of benefits.

---

[9] *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[10] *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[11] *Id.*

[12] *Id.* (quoting *Twombly*, 550 U.S. at 555).

In his First Cause of Action, entitled "Administrative Remedy," Ahdom alleges a violation of his First Amendment rights. In his Second Cause of Action Ahdom alleges that in returning his mail Defendants acted with extreme indifference to his serious physical and mental health, subjecting him to cruel and unusual punishment in violation of the Eighth Amendment.

Ahdom's administrative grievance was denied at the Director's level.

> This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Manuel, Captain. All submitted documentation and supporting arguments of the parties have been considered.
> **I      APPELLANT'S ARGUMENT**: It is the appellant's position that his original appeal, Log #SATF-E-12~02995, was inappropriately cancelled by institutional staff. The appellant relates that he submitted the aforementioned appeal on June 21, 2012; however, institutional appeals staff rejected it on June 25, 2012. The appeals staff issued him a CDC Form 695, Inmate/Parolee Appeals Screening Form, informing him that he, "failed to provide proof that he was not informed of VA Letters until May 30, 2012." The appellant claims that he resubmitted the appeal with the required proof (VA letter post dated May 25, 2012). However, appeals staff cancelled the appeal, documenting on a CDC 695, that he had exceeded time frames to file an appeal on returned letters from 2011. The appeals staff further claimed that the date of the submitted VA letter had been marked out, therefore, there was no way to verify the date of the letter. The appellant disagrees with this conclusion and maintains that he resubmitted the aforementioned appeal within the required time constraints. The appellant requests on appeal that he be allowed to resubmit Appeal, Log #SATF-E-12-02995, with a darker copy of the VA letter in question.
> **II     SECOND LEVEL'S DECISION**: It is staff's position that the institution is in compliance with state law and departmental regulations in the processing of inmate appeals. The appeal was submitted outside of the time frames prescribed by the regulations and was therefore rejected. The reviewer affirmed that the appellant submitted the appeal in question on or about July 27, 2012. However, he was unable to provide proof that he was not notified by the VA until May 25, 2012. The date on the envelope he submitted had been marked out; therefore, staff were unable to verify the post mark. In that the appellant had ample time to submit an appeal regarding this issue, the appeal was denied at the Second Level of Review (SLR).

> **III   THIRD LEVEL DECISION**:  Appeal is denied.
> **A. FINDINGS**: The documentation and arguments are persuasive that the appellant failed to support his appeal issues with sufficient evidence or facts to warrant modification of the SLR.  The examiner notes the appellant was advised that all inmates have a right to file a complaint through the inmate appeals process.  However, the appeal may be cancelled if it is submitted beyond the prescribed time constraints if the appellant had the opportunity to file within the appropriate time frames.  An appellant must submit the CDCR Form 602, Inmate/Parolee Appeal Form within 30 working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision.  The appellant submitted the CDCR Form, 602, more than 30 days after he was aware of the circumstances which he felt adversely affected him.  As he did not submit the CDCR Form 602, within the required time frames, it was appropriately cancelled.  Further review at the Third Level of Review is not warranted.
> **B.  BASIS FOR THE DECISION**:
> California Code of Regulations, Title 15, Section: 3001, 3084.3, 3084.6
> **C.   ORDER**:  No changes or modifications are required by the Institution.[13]

Ahdom's Third Cause of Action, brought against Defendants C. Etchebehere, F. Cote, and Does 1 through 10, arises out of an alleged refusal to provide him with appropriate religious meals.[14]  In his Complaint Ahdom raises an amalgam of contentions regarding his entitlement to appropriate religious meals covering a period spanning the period between on or about June 1, 2013, and an unspecified date in September 2013. Although Ahdom alleges that he sought appropriate administrative relief, the documents attached to the Complaint as Exhibit B address solely the denial of his Halal religious meals between July 19 and July 25, 2012.  With respect to that claim Ahdom was denied administrative relief at the Director's level.

---

[13]  Docket 1, p. 27.

[14]  Ahdom is a practicing adherent to the Muslim faith.

DISMISSAL ORDER
*Ahdom v. Etchebehere*, 1:13-cv-01623-RRB – 5

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. l. Allen. All submitted documentation and supporting arguments of the parties have been considered.

**I  APPELLANT'S ARGUMENT**:  It is the appellant's position that he was unfairly denied his right to receive the Ramadan Meals at the California Substance Abuse Treatment: Facility (SATF).  The appellant claims that the institution restricted him from participating in the Ramadan event based solely upon the fact that he was not a participant in the religious Meat Alternative Program (halal diet).  The appellant contends that the institution's decision to require that he be receiving the halal diet before he can participate in Ramadan was a violation of departmental rules and regulations.

The appellant requests that the illegal requirement be reversed and that he be provided with his Ramadan meal and regular evening meal during the month of Ramadan.  The appellant also requested that he not be subjected to reprisals for submitting this appeal.

**II   SECOND LEVEL'S DECISION**: The reviewer found that following a thorough review of the matter, staff at the SATF concluded that the institution temporarily used the list of inmates receiving the halal diet as the list of participants for Ramadan.  Following the hiring of a new Muslim Chaplain, the institution changed this policy and allowed those inmates wishing to participate in Ramadan a chance to do so regardless of their diet.

The appeal was partially granted at the Second Level of Review in that the appellant was allowed to participate in the end of Ramadan services.  Additionally, the appellant was advised that no reprisals will be, taken against him for submitting this appeal.  However, the appellant's request to receive compensation for the Ramadan meals he missed could not be granted, as those days had passed.

**III THIRD LEVEL DECISION**:  Appeal is denied,

> **A. FINDINGS**: Following analysis of the submitted documentation, the Appeals Examiner has determined that the appellant's allegations have been reviewed and properly evaluated by administrative staff at the SATF.  An appeal inquiry was conducted by Chaplain Harboun and the appeal was reviewed by the institution's Warden.  Despite the appellant's dissatisfaction, this review finds no evidence of a violation of existing policy or regulation by the institution based upon the arguments and evidence presented.
>
> The appellant's appeal request that he not be required to participate in the halal diet to be considered for participation in Ramadan services was granted.  Without a Muslim Chaplain, the institution attempted to develop a list of participants for Ramadan services as expeditiously, as possible.  Following a review of this practice by the newly hired Muslim

> Chaplain, institutional staff agreed that the requirement that inmates must be receiving the halal diet was inappropriate, therefore, the appellant was afforded the opportunity to participate in Ramadan services. The appellant was informed that the Muslim Chaplain will review inmate eligibility to participate in future Ramadan meals accordingly. Further relief in this matter at the Third Level of Review is unwarranted. The appellant added a request for monetary compensation following the First Level of Review. While. the appellant has the right to submit an appeal, his request for monetary compensation is beyond the scope of the departmental appeals process.
> **B. BASIS FOR THE DECISION**:
> California Code of Regulations, Title 15, Section: 3001, 3054, 3054 3, 3054.4, 3054.5, 3084.1, 3270, 3380
> CDCR Operations Manual, Section: 54080.13, 54080.14
> **C. ORDER**: No changes or modifications are required by the Institution.[15]

## III.  DISCUSSION

### A. *First Cause of Action*

Analysis of Ahdom's First Cause of Action starts with the proposition that prisoner's have a constitutionally protected First Amendment right to receive mail.[16] Likewise, any interference with this right by prison officials must be "reasonably related to legitimate penological interests."[17] Furthermore, prison officials must provide notice to prisoners of a decision not to deliver mail.[18] Ahdom's first Cause of Action clearly falls within the parameters of these standards. That does not, however, end the Court's inquiry.

---

[15]  Docket 1, pp. 47–48.

[16]  *Prison Legal News v. Cook*, 238 F.3d 1145, 1152–53 (9th Cir. 2001) (citing *Thornburg v. Abbott*, 490 U.S. 401, 408 (1989)).

[17]  *Turner v. Safley,* 482 U.S. 78, 89 (1987).

[18]  *Procunier v. Martinez*, 416 U.S. 396, 417–19 (1974).

DISMISSAL ORDER
*Ahdom v. Etchebehere*, 1:13-cv-01623-RRB – 7

As noted above, with respect to his First Cause of Action, Ahdom names solely CDCR and ten Does. Unfortunately for Ahdom, his suit against CDCR is barred by the Eleventh Amendment.[19] Accordingly, as against CDCR, Ahdom's claim must be dismissed without leave to amend.[20] Although in some circumstances a prisoner may be allowed to proceed against Doe defendants,[21] this case does not fall within the ambit of those circumstances. In this case, Ahdom does not name *any* CDCR official upon whom the complaint may be served who is or may be liable under this cause of action.[22] While the First Cause of Action must be dismissed, to allow Ahdom to identify and name a CDCR official who is or may be liable under the First Cause of Action, dismissal will be with leave to amend.

In amending his complaint Ahdom is reminded that, in addition to naming the responsible CDCR officials, Ahdom must allege the existence of a compensable injury. That is, Ahdom must allege and prove that but for the actions of the defendants he would have been permitted to attend the examination at the VA Center under otherwise applicable CDCR regulations and received a favorable determination as a result of that examination. Likewise,

---

[19] *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009).

[20] *See Hartman v. California Dept. of Corr. and Rehab.*, 707 F.3d 1141, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

[21] *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (holding that, while the use of "John Doe" to identify a defendant is not favored, dismissal of Doe defendants is improper if the identity of the Doe defendant may be ascertained through discovery).

[22] The two individual defendants identified in his Third Cause of Action involve an entirely separate claim based upon different facts, involving different rights, and arising at different time. Nothing in the discovery rules would permit this Court to compel either named defendant to provide Ahdom with the names of the responsible officials.

Ahdom cannot prevail unless he can truthfully allege and prove that as a result of the Defendants' actions he is precluded from receiving VA benefits retroactively.

Finally, the Court notes that as part of Exhibit A to the Complaint Ahdom attached a copy of a document bearing a VA letterhead entitled "Evidence." It is noted that the exhibit shows two matters: (1) a VA letter dated December 7, 2011, "requesting an examination through our private medical facility," and (2) noting in two places that Ahdom "did not show for your Compensation and Pension Examination scheduled at QTC on May 4, 2010."[23] While the second notation concerning the date Ahdom failed to appear for his examination may be the result of a typographical error,[24] the fact that the VA subsequently scheduled an examination eviscerates Ahdom's claim underlying his First Cause of Action.[25]

## B. *Second Cause of Action*

Ahdom's Second Cause of Action suffers from the same infirmity as does his First Cause of Action. In addition, the Second Cause of Action, which appears to be based upon an Eighth Amendment theory, fails to state a cause of action. Reading the Complaint liberally as the Court must, at most it alleges that the injury Ahdom suffered was the right to receive an

---

[23] Docket 1, p. 38. The Court notes that the date of this document is not only blacked out, but is indicative that the reasons that the VA denied Ahdom benefits were more likely than not unrelated to the failure to deliver Ahdom's mail.

[24] This is noted because the document lists matters in chronological order and the notation regarding the May 4, 2010, examination appears both in its proper chronological order and at the end, following the reference to the December 27, 2011, VA letter.

[25] The Court further notes that the date on that Exhibit is not only blacked out, but appears to be part of a subsequent decision of the VA to deny benefits. In amending his Complaint Ahdom must include as an exhibit not only an unredacted copy of that exhibit, but also the entire document of which that VA generated document is a part.

unspecified amount of compensation for a service connected disability. How this constitutes cruel and unusual punishment within the scope of the Eighth Amendment is both unexplained and inexplicable. Consequently, the Second Cause of Action will be dismissed without leave to amend.

### C. *Third Cause of Action*

As noted above, the allegations underlying Ahdom's Third Cause of Action and the Exhibits attached to the Complaint are inconsistent. The Complaint alleges that he was improperly denied a change in his religious meals, i.e., the imposition of a six-month waiting period between the cancellation of a request for one religious meal and the right to substitute replacement religious meal. The administrative appeal record attached to the Complaint addresses an entirely separate issue, not pleaded in the Complaint: the denial of Halal meals during Ramadan. In short, the documents attached to the Complaint at best establish exhaustion of remedies with respect to one potential claim, but not the claim actually pleaded. While this Court must liberally construe the pleadings of *pro se* prisoners, as presently drafted, the Third Cause of Action fails to state a cause of action on its face and, as such, must be dismissed.

Because it is not evident that Ahdom cannot truthfully plead a plausible cause of action, dismissal in this instance must be with leave to amend. In amending his Complaint, Ahdom may plead with respect to this claim: (1) solely his exhausted claim; (2) solely on his Third Cause of Action as presently pleaded showing proper exhaustion; or (3) a combination of the two.

## IV. ORDER

The Complaint on file herein as against the California Department of Corrections and Rehabilitation is hereby **DISMISSED** in its entirety without leave to amend.

The Second Cause of Action in the Complaint on file herein is hereby **DISMISSED** as against all Defendants without leave to amend.

The First and Third Causes of Action in the Complaint on file herein are hereby **DISMISSED** with leave to amend.

Plaintiff has through and including **June 8, 2015**, within which to file an amended complaint consistent with this Order.

**IT IS SO ORDERED** this 20th day of April, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE