UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| BILAL AHDOM,<br><br>  Plaintiff,<br><br>vs.<br><br>C. ETCHEBEHERE, *et al.*,<br><br>  Defendants. | Case No. 1:13-cv-01623-RRB<br><br>**DISMISSAL ORDER** |
|---|---|

Pending before the Court is the First Amended Complaint under filed by Plaintiff Bilal Ahdom under 42 U.S.C. § 1983 ("FAC").[1]

I.   **SCREENING REQUIREMENT**

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] The Court having set forth the screening standard in its prior Dismissal Order,[3] it does not repeat them here.

---

[1] In addition to Associate Warden C. Etchebehere, Ahdom names as Defendants Does 1 through 5. In his original Complaint Ahdom also named as Defendants F. Cote, Community Partnership Manager; the California Department of Corrections and Rehabilitation; and Does 1 through 20. The Court assumes that Ahdom has abandoned his claims against F. Cote, the California Department of Corrections and Rehabilitation, and Does 6 though 20.

[2] 28 U.S.C. § 1915A(a).

[3] Docket 17.

DISMISSAL ORDER
*Ahdom v. Etchebehere*, 1:13-cv-01623-RRB – 1

## II.   GRAVAMEN OF COMPLAINT

In his FAC Ahdom alleges that the acts of Defendants C. Etchebehere and Does 1 through 5 a constituted deliberate indifference in violation of his rights under the First, Eighth, and Fourteenth Amendments, i.e., his race and religion. As a result Ahdom suffered unnecessary emotional and physical suffering.[4] Initially, the Court notes that although he refers to Attachment B in his FAC, no documents are attached thereto. Ahdom is reminded that once an amended pleading is interposed, the original pleading no longer performs any function in the case.[5] Consequently, the FAC is incomplete and must be dismissed upon that basis. The Court will nonetheless screen the FAC assuming that the Attachment B to which Ahdom refers in his FAC is Attachment B to the original Complaint.

Ahdom, a practicing adherent to the Muslim faith, contends that he was denied his religious meals under the Religious Meat Alternative Program between July 19 and 25, 2012 ("Halal meals").[6] With respect to that claim Ahdom was denied administrative relief at the Director's level.

---

[4] The Court notes that although he asserted two claims based upon an alleged improper processing of his mail in his original Complaint, Ahdom does not raise those claims in his FAC. Consequently, the Court treats those claims as having been abandoned.

[5] 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Fed. Prac. & Proc. Civ., § 1476 (2d ed.); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Loux v. Ray*, 375 F.2d 55, 57 (9th Cir. 1967).

[6] The record reflects that Ahdom was not included on the list of those prisoners initially designated by Etchebehere as entitled to receive the Halal diet. Docket 1, pp. 56–57. It appears that Ahdom was subsequently added to the list. Docket 1, p. 58. Although it is unclear the date that this addition occurred, the Court assumes it was on or about July 25, 2012.

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. l. Allen. All submitted documentation and supporting arguments of the parties have been considered.

**I  APPELLANT'S ARGUMENT**:  It is the appellant's position that he was unfairly denied his right to receive the Ramadan Meals at the California Substance Abuse Treatment: Facility (SATF). The appellant claims that the institution restricted him from participating in the Ramadan event based solely upon the fact that he was not a participant in the religious Meat Alternative Program (halal diet). The appellant contends that the institution's decision to require that he be receiving the halal diet before he can participate in Ramadan was a violation of departmental rules and regulations.

The appellant requests that the illegal requirement be reversed and that he be provided with his Ramadan meal and regular evening meal during the month of Ramadan. The appellant also requested that he not be subjected to reprisals for submitting this appeal.

**II  SECOND LEVEL'S DECISION**: The reviewer found that following a thorough review of the matter, staff at the SATF concluded that the institution temporarily used the list of inmates receiving the halal diet as the list of participants for Ramadan. Following the hiring of a new Muslim Chaplain, the institution changed this policy and allowed those inmates wishing to participate in Ramadan a chance to do so regardless of their diet.

The appeal was partially granted at the Second Level of Review in that the appellant was allowed to participate in the end of Ramadan services. Additionally, the appellant was advised that no reprisals will be, taken against him for submitting this appeal. However, the appellant's request to receive compensation for the Ramadan meals he missed could not be granted, as those days had passed.

**III  THIRD LEVEL DECISION**:  Appeal is denied,

> **A. FINDINGS**: Following analysis of the submitted documentation, the Appeals Examiner has determined that the appellant's allegations have been reviewed and properly evaluated by administrative staff at the SATF. An appeal inquiry was conducted by Chaplain Harboun and the appeal was reviewed by the institution's Warden. Despite the appellant's dissatisfaction, this review finds no evidence of a violation of existing policy or regulation by the institution based upon the arguments and evidence presented.
>
> The appellant's appeal request that he not be required to participate in the halal diet to be considered for participation in Ramadan services was granted. Without a Muslim Chaplain, the institution attempted to develop a list of participants for Ramadan services as

> expeditiously, as possible. Following a review of this practice by the newly hired Muslim Chaplain, institutional staff agreed that the requirement that inmates must be receiving the halal diet was inappropriate, therefore, the appellant was afforded the opportunity to participate in Ramadan services. The appellant was informed that the Muslim Chaplain will review inmate eligibility to participate in future Ramadan meals accordingly. Further relief in this matter at the Third Level of Review is unwarranted. The appellant added a request for monetary compensation following the First Level of Review. While. the appellant has the right to submit an appeal, his request for monetary compensation is beyond the scope of the departmental appeals process.
> **B. BASIS FOR THE DECISION**:
> California Code of Regulations, Title 15, Section: 3001, 3054, 3054 3, 3054.4, 3054.5, 3084.1, 3270, 3380
> CDCR Operations Manual, Section: 54080.13, 54080.14
> **C. ORDER**: No changes or modifications are required by the Institution.[7]

## III.  DISCUSSION

The crux of the issue before the Court is whether in omitting Ahdom from the initial list of those prisoners entitled to receive the Halal meal Etchebehere violated Ahdom's Constitutional rights. The United States Supreme Court has outlined a two-part test to determine if prison officials have violated a prisoner's rights under the Eighth Amendment:

> [A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious[;] a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities . . . . The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind.[8]

---

[7] Docket 1, pp. 47–48.

[8] *Farmer v. Brennan* 511 U.S. 825, 834 (1994) (citations and internal quotations omitted); *see also Wilson v. Seiter*, 501 U.S. 294, 299–300 (1991) (discussing subjective

With regard to the first requirement, "[t]he circumstances, nature, and duration of a deprivation of [shelter, food, clothing, sanitation, medical care, and personal safety] must be considered."[9] "The more basic the need, the shorter the time it can be withheld."[10] Deprivation of basic necessities for even brief periods can constitute a violation whereas more moderate deprivations must be more lengthy or ongoing.[11]

As to the second requirement, the relevant state of mind is "one of 'deliberate indifference' to inmate health or safety."[12] To show deliberate indifference, the inmate must prove that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[13] "Thus, *Farmer* [ ] requires an inmate to show that the official knew of the risk *and* that the official inferred that substantial harm might result from the risk."[14] The "prison official need not have acted 'believing that harm actually would befall an inmate; it is enough that the official

---

requirement); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (discussing two-part test); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996) (same); *Wallis v. Baldwin*, 70 F.3d 1074, 1076–77 (9th Cir. 1995) (same); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994) (same).

[9] *Johnson*, 217 F.3d at 731.

[10] *Hoptowit v. Ray*, 682 F.2d 1237, 1259 (9th Cir. 1982).

[11] *Johnson*, 217 F.3d at 731–32.

[12] *Farmer*, 511 U.S. at 834.

[13] *Id*. at 837; *see Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (discussing objective and subjective elements of deliberate indifference claim).

[14] *Wallis*, 70 F.3d at 1077.

acted . . . despite his knowledge of a substantial risk of serious harm.' "[15] The question of the official's knowledge is a question of fact.[16] Deliberate indifference sets a high legal standard. Negligence alone is insufficient to establish a constitutional deprivation under the Eighth Amendment.[17]

Analysis starts with the well-established rule that a prisoner is entitled to adequate nutrition. For the purposes of this Order the Court accepts as true the allegations that Ahdom was denied a Halal diet between July 19 and 25, 2012. The Court also accepts as true that on those dates Ahdom was precluded by his religious beliefs from consuming the meals he was provided. Initially the Court notes that although Ahdom contends that the denial of the Halal meal was at least in part due to his color, i.e., he is black, there are no factual allegations that even remotely suggest that the denial was on account his race or color. In absence of any factual basis for that conclusory allegation the Court will disregard it.

Ahdom also alleges that between July 19 and 25 Ahdom made several requests that he be provided Halal meals, which Etchebehere denied. What is lacking are specific factual allegations as to the manner in which Ahdom made the requests, i.e., in writing or orally,

---

[15] *Id*. (quoting *Farmer*, 511 U.S. at 842) (omission in original).

[16] *Farmer*, 511 U.S. at 826.

[17] *Toguchi*, 391 F. 3d at 1060; *see Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (stating that even gross negligence is insufficient to establish a constitutional violation); *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam) (noting mere indifference, medical malpractice, or negligence do not support a cause of action under the Eighth Amendment).

that the requests were directed to Etchebehere, and the medium by which the response was made, i.e., orally or in writing.  If the requests and/or responses were in writing, Ahdom should attach copies. As presently constituted these allegations, essentially conclusory in nature, are insufficient.[18] In his Second Amended Complaint Ahdom must specifically allege the specific date on which he made each request of Etchebehere, whether the request was in writing or orally, the date on which received a response to the request, and the manner in which the response was communicated to him. To the extent that the communications were in writing, Ahdom should attach copies.[19]

While it may be unlikely that Ahdom's complaint will stand on either Eighth (cruel and unusual punishment) or Fourteenth Amendment (racial discrimination) grounds,[20] it is clear that Ahdom's claim that he was denied religious meals *may* fall within scope of the First Amendment's Religious Freedom Clause.[21] As presently pleaded, however, it is deficient.  First, the Court notes that Ahdom's allegations are internally inconsistent and to a substantial extent contradictory. Ahdom alleges that he was approved for the Halal meals on July 19, but that Etchebehere denied him those meals. Four days later, July 23, Ahdom lodged his first CDCR 602 in which, although he complains about being denied his

---

[18] *See Blantz v. California Dept. of Corr. and Rehabilitation*, 727 F.3d 917, 926–27 (9th Cir. 2013).

[19] The Court notes that, given the standard structure of prison administration it is highly unlikely that during a period of approximately six days Ahdom had direct communications with an associate warden.

[20] *See, e.g., Furnace v. Sullivan*, 705 F.3d 1021, 1030–31 (9th Cir. 2013).

[21] *See Ward v. Walsh*, 1 F.3d 873, 878–79 (9th Cir. 1993); *McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1987).

Halal meals, he states that denial was because he was "*not* a participant in the Religious Meat Alternate Program."[22] Furthermore, Ahdom's allegation concerning the July 19 "approval" is based upon what he "believes." Conclusory allegations such as these are insufficient to state a claim.  Ahdom must plead specific facts concerning the alleged approval, e.g., who approved it, when it was approved, the manner in which it was approved, and, if Etchebehere was not the approving official, that Etchebehere had actual notice of that approval.[23] The Court also notes that in other instances Ahdom refers to being "informed" by Etchebehere but does not provide any detail as to the manner in which he was informed, e,g, ¶ 9. Ahdom must address these deficiencies in his Second Amended Complaint.

## IV.   ORDER

The First Amended Complaint is hereby **DISMISSED**.

Plaintiff has through and including **December 18, 2015**, within which to file a Second Amended Complaint consistent with this Order.  In amending his complaint Ahdom is reminded that he must attach thereto all documents referred to in the complaint to the extent that those documents are within his possession, custody, or control.

**IT IS SO ORDERED** this 13th day of November, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[22]  Docket 1, p. 49 (emphasis added).

[23]  *See Blantz*, 727 F.3d at 926–27.