UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL AHDOM,<br><br>                    Plaintiff,<br><br>          vs.<br><br>C. ETCHEBEHERE, *et al.*,<br><br>                    Defendants. | Case No. 1:13-cv-01623-RRB<br><br>**ORDER RE: MOTION TO DISMISS** |

## I.    PENDING MOTION

At **Docket 29** Defendant C. Etchebehere has moved to dismiss the Third Amended Complaint for failure to state facts upon which relief may be granted.[1]  Plaintiff Bilal Ahdom has opposed the motion,[2] and Etchebehere has replied.[3]  The matter having been fully briefed is submitted on the moving and opposing papers without oral argument.[4]

## II.    STANDARD OF REVIEW

In ruling on a motion to dismiss under Rule 12(b)(6) the court must treat all well pleaded facts as true and construe them in the light most favorable to the non-moving party.[5]  A court does not, however, accept as true legal conclusions simply because they

---

[1]  Fed. R. Civ. P. 12(b)(6).

[2]  Docket 32.

[3]  Docket 33.

[4]  LR 230(I).

[5]  *ASW v. Oregon*, 424 F.3d 970, 974 (9th Cir. 2005).

are cast in the form of factual allegations.[6]  A dismissal under Rule 12(b)(6) is warranted only if the pleader against whom the motion is brought can prove no facts in support of its claims that would entitle it to relief.[7]

In ruling on a 12(b)(6) Motion, the court may only consider allegations contained in the pleadings and exhibits attached to the complaint.[8] Courts may also take into consideration materials incorporated into the complaint by reference and matters properly subject to judicial notice under Federal Rule of Evidence 201.[9]  If, on a Rule 12(b)(6) motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to *and* considered by the court, the motion is treated as one for summary judgment and disposed of as provided in Rule 56; all parties must be given a reasonable opportunity to present all material made pertinent to a Rule 56 motion.  If a movant attempts to change a 12(b)(6) motion into a motion for summary judgment, the court may, in its discretion, decline to do so.[10]

## III.    BACKGROUND/ISSUE PRESENTED

Ahdom, a practicing adherent to the Muslim faith, contends that he was denied his religious Halal meals under the Religious Meat Alternative Program ("RMA Program")

---

[6]  *Wyler Summit P'ship v. Turner Broad. System, Inc*, 135 F.2d 658, 665 (9th Cir. 1998).

[7]  *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003).

[8]  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

[9]  *Tellabs, Inc. v. Makor Issues & Rights*, 551 U.S. 308, 322 (2007).

[10]  *Swedberg v. Marotzke*, 339 F.3d 1139, 1143–44 (9th Cir. 2003).

between July 19 and 25, 2012.  As a result Ahdom suffered unnecessary emotional and physical suffering.

In screening the Third Amended Complaint the Court permitted Ahdom to proceed on "[t]he Claim that Associate Warden Etchebehere violated Plaintiff's rights under the Religious Land Use and Institutionalized Persons Act [42 U.S.C. § 2000cc-1]."[11] While that might, in isolation, be construed as not encompassing a claim under the Free Exercise Clause of the First Amendment, read in conjunction with the immediately preceding material related to the claim against Etchebehere clearly shows that the Court intended to permit Ahdom to proceed on both the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the Free Exercise Clause of the First Amendment.[12]  Thus, in order to grant the motion to dismiss, the Court must determine that the properly pleaded facts violated neither the RLUIPA nor the Free Exercise Clause of the First Amendment.  The parties have addressed both.

First, Etchebehere argues that Ahdom cannot maintain a claim against her under the RLUIPA in either her individual or official capacities.  Etchebehere also argues that Ahdom does not properly plead a claim against her under the Free Exercise Clause and cannot amend his complaint to plead a viable free standing Free Exercise Clause claim. In response, Etchebehere argues that he has properly pleaded claims under both the

---

[11]  Docket 25, p. 7.

[12]  *Id.*, pp. 5–7.  Although the RLUIPA increased the level of protection for religious beliefs, it did not supplant or otherwise limit the protections conferred by the First Amendment standing alone.  *See Cutter v. Wilkinson*, 544 U.S. 709, 719–21 (2005).

RLUIPA and the Free Exercise Clause.  Alternatively, Ahdom requests that in the event the

Court grants the motion to dismiss that he be given leave to amend.

## IV.   DISCUSSION

### *RLUIPA*

The Religious Land Use and Institutionalized Persons Act provides:

**(a) General rule.**  No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
(1)  is in furtherance of a compelling governmental interest; and
(2)  is the least restrictive means of furthering that compelling governmental interest.
**(b) Scope of application**.  This section applies in any case in which—
(1)   the substantial burden is imposed in a program or activity that receives Federal financial assistance; or
(2)  the substantial burden affects, or removal of that substantial burden would affect, commerce with foreign nations, among the several States, or with Indian tribes.[13]

Congress enacted the RLUIPA under its Spending Clause and Commerce Clause

powers.[14]  In so doing, Congress limited its reach to state and local government land-use

regulations and restrictions on the religious exercise of institutionalized persons.[15]  "With

respect to prisons, RLUIPA's reach is limited to prohibiting a 'government' from burdening

religious exercise in correctional institutions."[16]  In that respect, RLUIPA provides that "no

---

[13]  42 U.S.C. § 2000cc-1.

[14]  *Sossamon v. Texas*, 563 U.S. 277, 281 (2011).

[15]  *Id.*

[16]  *Woody v. Yordy*, 753 F.3d 899, 902 (9th Cir. 2014).

ORDER RE: MOTION TO DISMISS
*Ahdom v. Lopez*, 1:13-cv-01623-RRB – 4

government shall impose a substantial burden on the religious exercise" of an institutionalized person unless the government demonstrates that the burden "is in furtherance of a compelling government interest" and "is the least restrictive means of furthering" that interest.[17]

The RLUIPA defines "government" as:

> **(4) Government**.  The term "government"—
>     (A) means—
>         (I)  a State, county, municipality, or other governmental entity created under the authority of a State;
>         (ii)  any branch, department, agency, instrumentality, or official of an entity listed in clause (I); and
>         (iii) any other person acting under color of State law; and
>     (B)  for the purposes of sections 2000cc–2(b) and 2000cc–3 of this title, includes the United States, a branch, department, agency, instrumentality, or official of the United States, and any other person acting under color of Federal law.[18]

The Ninth Circuit has held that, because the RLUIPA was enacted under the Spending Clause, the definition of "government"  limits the RLUIPA to suits against persons in their official capacities only, not in their individual capacities "because the individual officers are not the recipients of any federal funds."[19]  Accordingly, the RLUIPA does not support a claim for damages against an individual defendant.[20]  As a result, under a RLUIPA claim against a state actor, a plaintiff is limited to seeing injunctive relief only.[21]  Here, because

---

[17]  *Sossaman*, 563 U.S. at 281.

[18]  42 U.S.C. § 2000cc-5.

[19]  *Woody*, 753 F.3d at 902–03.

[20]  *Id.* at 904.

[21]  *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015).

it is clear that Ahdom is not entitled to injunctive relief, his RLUIPA claim against Etchebehere fails.  Nor does it appear that Ahdom can cure the defect by amendment. Therefore the RLUIPA claim must be dismissed without leave to amend.

***First Amendment***

As noted above, the fact that Ahdom may not have a viable RLUIPA claim does not necessarily preclude an independent, free-standing First Amendment Free Exercise Clause claim.  The First Amendment "prohibits all laws 'prohibiting the free exercise' of religion."[22]  The law is clear that prison inmates "retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion."[23] Although it has seldom addressed the issue, the Ninth Circuit has noted that the Free Exercise Clause of the First Amendment is triggered when prison officials burden the practice of an inmate's religion by preventing him from engaging in conduct that he sincerely believes is consistent with his faith.[24]  The Court must apply these principles to the case before it.[25]

Ahdom's action is predicated upon a denial of his religious Ramadan Halal ("Iftar" and "Suhoor") meals for a period of six days (July 19 through July 25) because he was not a participant in the RMA Program as required by a memo authored by Etchebehere.

---

[22] *McDaniel v. Paty,* 435 U.S. 618, 620 (1978) (quoting, U.S. Const. amend I.)

[23] *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citation omitted).

[24] *Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008); *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997).

[25] Etchebehere, acknowledging the dearth of Ninth Circuit law on point, relies on decisions rendered in sister circuits.

During that period , although Ahdom was on a vegetarian diet, because he was not a participant in the RMA Program, Ahdom was precluded from receiving the Halal meals. These facts are undisputed. Reduced to its essence, Etchebehere's argument is that Ahdom's omission from participation in the RMA Program was the result of mere negligence, not actionable under the First Amendment.

Etchebehere candidly acknowledges the lack of controlling Ninth Circuit decisions on the issue. The Court has reviewed the authorities cited by Etchebehere and finds them inapposite.

*Lovelace.*[26] Also a case in which the plaintiff was removed from the Ramadan list, is misplaced. Etchebehere is correct in that the *Lovelace* court held that "negligent acts by officials causing unintended denials of religious rights do not violate the Free Exercise Clause."[27] What Etchebehere overlooks is the fact that the Fourth Circuit, viewing the facts most favorably to the prisoner, vacated the order granting summary judgment and remanded the case to determine whether the defendant acted intentionally, i.e., a conscious or intentional interference, with the prisoner's free exercise claim.[28] At this stage of the proceedings, the Court cannot find that, although mistaken, Etchebehere's act itself, which was clearly deliberate and had the effect of interfering with Ahdom's religious beliefs, was the result of mere inadvertence or negligence.

---

[26] *Lovelace v. Lee*, 472 F.3d 174 (4th Cir. 2006).

[27] *Id.* at 201.

[28] *Id.*, at 201–02.

*Schreane.*[29]   In that case the plaintiff alleged that the defendant "was negligent in securing his religious oils after his move to the SHU, he does not allege that Donahue intentionally chose not to secure the oils."[30]   In this case it is clear that Etchebehere intended his order to be limited to a certain class of persons, i.e., those on the RMA Program list.   What is not clear, and cannot be resolved on a Rule 12(b)(6) motion, is whether Etchebehere's omission was merely the product of inadvertent oversight or whether, in the exercise of his duties and responsibilities as an Associate Warden should have been aware of the limitations of her directive and its impact on Muslims who were not on the RMA Program list.

*Gallagher.*[31]   This case involved improperly washing of food serving utensils "a single violation of his kosher diet, not a prison policy."[32]   Although in a sense it may said the incident at issue in this case was "a single violation," it cannot be said that it was not prison policy.   If a directive issued by the Associate Warden charged with the responsibility for the subject of the directive does not constitute "prison policy," what does?

*Eason.*[33]   In that case it appears that prison officials did not become aware of the fact that Eason was an adherent to the Muslim faith until long after the lockdown.   Indeed the information available to the prison officials indicated that Eason was a Baptist.   Based

---

[29]   *Schreane v. Seana*, 506 Fed. App'x 120 (3d Cir. 2012.

[30]   *Id.* at 124.

[31]   *Gallagher v. Shelton*, 587 F.3d 1063 (10th Cir. 2009).

[32]   *Id.* at 1070.

[33]   *Eason v. Thaler*, 73 F.3d 1322 (5th Cir. 1996).

on those facts, the court found that "Eason has not raised a fact-issue pertaining to his claim that, during the 1992 lockdown, the defendants violated his constitutional right to practice his religion by knowingly failing to accommodate Eason's affiliation with the Muslim faith."[34]   The facts in this case are so different that *Eason* is of scant, if any, relevance whatsoever.

Turning to Etchebehere's argument that the Third Amended Complaint contains no facts concerning her mental state, the Court rejects that argument.  First, the mental state of a party is a matter peculiarly within the knowledge of the party, not the party's opponent. While this Court agrees that Etchebehere may not be required to develop an expertise in the particulars of Ahdom's religious beliefs,[35] that argument does not assist her in this case. By authoring the memo in question Etchebehere was in fact aware of the religious beliefs of Muslims.[36]   The precise issue posed in this case concerns Etchebehere's exclusion of practicing Muslims who were not on the RMA Program list from participating in Halal meals, unquestionably a deliberate act.

As noted in the Screening Order,[37] a significant problem that Ahdom faces in pursuing this action is that it appears that he either did not request or refused to accept

---

[34]  *Id.* at 1327–28.

[35]  *Mayweather v. Newland*, 314 F.3d 1062, 1069 (9th Cir. 2002).

[36]  Because Etchebehere was unquestionably aware of the religious significance of the fasting requirement of Ramadan to Muslims, the fact that there was no Muslim chaplain does not necessarily assist her.  A jury may find on the facts as fully developed that Etchebehere was also aware that there were practicing Muslims, including Ahdom, who were not on the RMA Program list, and that their exclusion was not a simple mistake.

[37]  Docket 25.

ORDER RE: MOTION TO DISMISS
*Ahdom v. Lopez*, 1:13-cv-01623-RRB – 9

vegetarian meals:  meals that, although not entirely consistent with his religious beliefs, may not have required him to violate them.  Ahdom has not alleged that either (1) he could not meet his nutritional needs by consuming the vegetarian diet he was authorized to receive, which is highly unlikely, or (2) that those meals were only available during his fasting hours.[38]  Consequently, it is possible that Ahdom may not have suffered any significant injury.  That, however, does not necessarily preclude Ahdom from pursuing this action.  While the extent of the injuries sustained may limit the amount of damages recovered, a prisoner need only prove that the actions of the responsible prison official deprived him of some constitutionally protected right.[39]  A burden Ahdom may be able to carry in this case.  Moreover, because prisoner *pro se* pleadings are given the benefit of liberal construction,[40] this issue must be addressed on the evidence rather than the pleadings.

Consequently, to the extent that it challenges Ahdom's claim under the Free Exercise Clause of the First Amendment, Etchebehere's motion will be denied.

## V.   ORDER

The Motion to Dismiss filed by Defendant C. Etchebehere at **Docket 29** is hereby **GRANTED** in part and **DENIED** in part.

---

[38]  *Cf. Shakur*, 514 F.3d at 888–89 (citing *Sefeldeen v. Alameida*, 238 Fed. Appx. 204 (9th Cir. 2007)).

[39]  *Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).

[40]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).

ORDER RE: MOTION TO DISMISS
*Ahdom v. Lopez*, 1:13-cv-01623-RRB – 10

Plaintiff's Third Amended Complaint is hereby **DISMISSED** to the extent it is based upon the Religious Land Use and Institutional Persons Act ("RLUIPA") [42 U.S.C. § 2000cc-1, *et seq.*].  In all other respects the Motion to Dismiss is **DENIED**.

Defendant C. Etchebehere must serve and file an answer to the Third Amended Complaint within **twenty-one (21) days** of the date of the entry of this Order.

**IT IS SO ORDERED** this 9th day of June, 2016.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE