UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL AHDOM, | 1:13-cv-01623-DAD-GSA-PC |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO STRIKE |
| vs. | (ECF No. 58.) |
| C. ETCHEBEHERE, et al., | ORDER STRIKING PLAINTIFF'S MAY 5, 2017, RESPONSE AS AN IMPROPER SURREPLY |
| Defendants. | (ECF No. 57.) |

**I.   BACKGROUND**

Bilal Ahdom ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 9, 2013. (ECF No. 1.) This case now proceeds on Plaintiff's Second Amended Complaint, filed on December 8, 2015, against defendant Associate Warden C. Etchebehere ("Defendant") for violation of the Religious Land Use and Institutionalized Persons Act [42 U.S.C. § 2000cc-1].[1] (ECF No. 24.)

On January 20, 2017, Defendant filed a motion for summary judgment and a motion for an order requiring payment of security. (ECF No. 44.) On April 12, 2017, Plaintiff filed an

---

[1] On December 16, 2015, the court dismissed all remaining claims and defendants from this action based on Plaintiff's failure to state a claim. (ECF No. 25.)

opposition to Defendants' motions. (ECF No. 52.) On April 19, 2017, Defendant filed a reply to Plaintiff's opposition. (ECF No. 54.) On May 5, 2017, Plaintiff filed a response to Defendant's reply. (ECF No. 57.) Defendant's motion for summary judgment and motion for an order requiring payment of security are pending.

On May 19, 2017, Defendant filed a motion to strike Plaintiff's May 5, 2017, response as an improper surreply. (ECF No. 58.) On June 13, 2017, Plaintiff filed an opposition to Defendant's motion to strike. (ECF No. 59.)

Defendant's motion to strike is now before the court. Local Rule 230(*l*).

## II. SURREPLIES

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed. USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited December 31, 2013). The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply. A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

Defendant argues that Plaintiff's document entitled "Plaintiff's Response to Defendant's Reply to His Opposition to Motion for Summary Judgment and Motion for an Order Requesting Security" filed on May 5, 2017, appears to be an improper surreply, which the court should strike from the record. (ECF No. 57.) In opposition, Plaintiff argues that his surreply should be allowed because "there is no Federal Rules of Civil Procedure that prohibits a response to a Reply to an Opposition to Motion for Summary Judgment and Motion for an Order Requesting Security." (ECF No. 59.)

Plaintiff's argument is unpersuasive. Defendant's motion for summary judgment was fully briefed and submitted on the record under Local Rule 230(*l*) on April 19, 2017, when Defendant filed a reply to Plaintiff's opposition. (ECF No. 54.) Plaintiff then improperly filed a surreply on May 5, 2017, after the motion was fully briefed, without leave of court. In this case, the court neither requested a surreply nor granted a request on the behalf of Plaintiff to

file a surreply.  Plaintiff has not shown good cause for the court to allow him to file a surreply at this juncture.  Therefore, Defendant's motion to strike shall be granted, and Plaintiff's surreply shall be stricken from the record as improperly filed.

### III.     CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     Defendant's motion to strike, filed on May 19, 2017, is GRANTED; and

2.     Plaintiff's surreply, filed on May 5, 2017, is STRICKEN from the court's record.

IT IS SO ORDERED.

Dated:   **July 24, 2017**                            **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE